payment for the same. There is nothing to show that this compromise was made in bad faith, and it may have been a very desirable arrangement for the Lead Company to make.

[3] Finally, it is claimed that the directors of the Lead Company were negligent, in that they did not compel proceedings to be brought against the officers or directors of the Trust Company. But that cause of action, if any, was vested in the Trust Company or its liquidating trustees. Such trustees refused to bring an action. All that the directors of the Lead Company could then have done would have been to have brought a stockholder's action, in the name of the Lead Company against the Trust Company. It is not alleged that, had such action been brought, it would have terminated successfully, nor is there any allegation that in refusing to bring such action the directors of the Lead Company acted in bad faith, or except what they believed to be for the best interest of the corporation represented by them. The facts alleged are not sufficient to establish a breach of trust on the part of the directors of the Lead Company in failing to embark upon litigation of this character.

[4] The directors of a corporation are not liable for errors of judgment, where they act without corrupt intent, with reasonable care, and in good faith. People v. Equitable Life Assurance Society, 124 App. Div. 714, 109 N. Y. Supp. 453; Cass v. Realty Securities Co., 148 App. Div. 96, 132 N. Y. Supp. 1074, affirmed 206 N. Y. 649, 99 N. E. 1105. There are no allegations that the directors of the Lead Company did not act in good faith, and, if they erred at all, it was an error of judgment for which they are not liable. The facts pleaded, I think, fail to show any actionable wrong committed by appellants as directors of the Lead Company.

This conclusion renders it unnecessary to pass upon or consider the other two grounds of the demurrer.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, with leave to serve an amended complaint upon payment of costs in this court and in the court below. Order filed. All concur.

---

HOLMES et al. v. SMITH et al. (No. 7552.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

CORPORATIONS ☞320 — ACTION BY SHAREHOLDER AGAINST OFFICER — COMPLAINT.

A complaint by the minority stockholders of a corporation to compel the directors to repay to the corporation sums lost by their negligence, which alleged that subsidiary corporations, whose stock was owned by the corporation, had been for years receiving a quality of coal inferior to that contracted and paid for, and that the directors, though requested to do so, had refused to make an investigation, except as to one of the subsidiary companies, and which alleged generally fraudulent acts by some of the corporation's officers and loss thereby sustained, but did not show

that the defendant directors acted in bad faith in refusing to make the investigation, does not state a cause of action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. ☞320.]

Appeal from Special Term, New York County.

Action by Robert Holmes, individually and as trustee, and others against Edward C. Smith and others. From an order overruling a demurrer to the complaint, and granting plaintiff's motion for judgment on the pleadings, defendant Edward C. Smith appeals. Reversed, and demurrer sustained, with leave to serve an amended complaint.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Henry C. Quinby, of New York City, for appellant.
Edward W. Hatch, of New York City, for respondents.

McLAUGHLIN, J. This action, like the one brought by the same plaintiffs, in which the appeal of the defendants Camp and Smith is decided herewith (154 N. Y. Supp. 513), is an action by stockholders of the St. Joseph Lead Company to compel the defendant directors of the company to account for and pay over to it the amount of losses alleged to have been sustained through their negligence. The defendant Smith demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action against him. After the demurrer was interposed, the plaintiffs moved for judgment on the pleadings. The demurrer was overruled, the motion for judgment granted, and Smith appeals.

The complaint alleges, in substance, that the St. Joseph Lead Company, a domestic corporation of which defendant Smith is a director, owns practically the entire outstanding capital stock of the Doe Run Lead Company and of the Mississippi River & Bonne Terre Railway, which latter company, in turn, owns the entire outstanding stock of the St. Francois County Electric Railroad Company, and all of which are corporations organized and operating in Missouri; that these corporations all use considerable quantities of coal, and for some years immediately prior to the commencement of the action had contracted for the purchase of Carterville coal, a superior quality of coal produced in the Carterville district of Illinois; that for some years coal of an inferior quality and a lower price has been delivered, instead of Carterville coal, though the corporations have paid the contract price for Carterville coal; that the plaintiffs have demanded that a thorough investigation of the matter be made and steps taken to recover the losses sustained, but that no "adequate" investigation has been made, nor any action commenced to recover such losses, except those sustained by the St. Francois County Electric Railroad Company; and that the defendant directors have refused, and have voted not to make, any further investigation or take any further action, except in the case of the St. Francois Company. The judgment demanded is that the defendant directors account for the losses sustained by the

Lead Company and that judgment be entered against them for the amount so determined.

I am of the opinion that this complaint fails to state a cause of action against the appellant. Disregarding the fact that this action is brought by stockholders of the St. Joseph Lead Company against its directors, who would not ordinarily be accountable in this action for losses sustained by the subsidiary companies, the complaint shows that at the request of the plaintiff Robert Holmes, himself a director, the defendants did make an investigation, and are continuing it and taking action in the case of one of the companies. There is nothing in the complaint to show that, in voting to make no further investigation and take no further action, the appellant acted other than for what he believed to be the best interest of the corporation.

It is true there are general allegations of losses sustained, and that the alleged fraudulent practices grew up through the connivance and knowledge of some of the officers or employés of the companies, but there are no allegations which charge this appellant with a breach of trust, or impose upon him the burden of defending his acts as a director. As has been pointed out in the other case, to which reference has been made, decided herewith, the appellant is not liable for an error of judgment, and his refusal to make such further investigation as the plaintiffs deem adequate and institute litigation, especially where the financial responsibility of the prospective defendants is not disclosed, does not establish that he was negligent or derelict in any way in performing his duties as a director.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, with leave to the plaintiffs to serve an amended complaint on payment of costs in this court and in the court below. Order filed. All concur.