### BILLINGS v. CHARLES MILLAR & SON CO.

(District Court, N. D. New York. October 30, 1915.)

1. BANKRUPTCY ⊂⇒299—ACTION BY TRUSTEE—PARTIES.

A trustee in bankruptcy, suing for money paid by bankrupt without consideration to a corporation, should, as a protection, in case of the corporation becoming insolvent, join as defendants all those shown by the complaint to be personally liable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 448; Dec. Dig. ⊂⇒299.]

2. BANKRUPTCY ⊂⇒299—ACTION BY TRUSTEE—PARTIES—PLEADING—KNOWINGLY.

The complaint of the trustee in bankruptcy of a corporation to recover money paid by it to defendant corporation, showing that the same persons constituted a majority of the directors of each corporation, and alleging that they, acting for bankrupt, caused it to pay large sums to defendant without consideration, "knowing" the facts, shows a personal liability of the directors as regards the propriety of joining them as defendants; an intent to defraud being presumed from the doing "knowingly" of the wrongful act resulting in the injury to bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 448; Dec. Dig. ⊂⇒299.]

In Equity. Suit by E. Ross Billings, as trustee in bankruptcy of the Utica Pipe Foundry Company, against Charles Millar & Son Company. Heard on rule for order to bring in additional defendants. Order granted.

This is a suit in equity for an accounting by the defendant of the moneys alleged to have been paid by the bankrupt company through the action of its directors to the defendant company without any substantial consideration,

and known to have been paid without any substantial consideration, and as compensation for alleged services not rendered, or, if rendered, of little value, or as commissions on sales not made, and also for a judgment for the amount so illegally or improperly paid. This matter is now before this court on a rule to show cause why an order should not be made directing the plaintiff, as trustee in bankruptcy of the company making such payments, to bring in as defendants herein the individual directors common to both the bankrupt company making the payments and the defendant company receiving same. The claim is that the bill of complaint shows and states a cause of action, not only against the defendant company, but against the directors of both companies individually.

Edw. H. Letchworth and Jos. G. Dudley, both of Buffalo, N. Y., for the motion.

Lynch, Willis & Titus, of Utica, N. Y., opposed.

RAY, District Judge (after stating the facts as above). The Utica Pipe Foundry Company is the bankrupt, and the Charles Millar & Son Company is the defendant, and for the purposes of this motion it must be conceded that since January 1, 1908, the board of directors of the bankrupt company has consisted of five members, and that during all said time a majority of such directors have been also directors in the defendant company and interested financially therein. The bill of complaint also alleges:

"IV. That from time to time since said January 1, 1908, said directors common to both companies, acting for said bankrupt company, have caused it to pay to the defendant many thousands of dollars, the exact amount of which is unknown to the plaintiff, without any substantial consideration, and knowing that said payments were made without any substantial consideration, but for services which in fact were not rendered, or, so far as any services were rendered, were of little value, or were made as commissions for sales which were not made by said defendant, but were made by the employés of said bankrupt company itself.

"V. That the defendant received said money knowing that it was so paid without any substantial consideration, knowing that it was paid under the direction of said common directors and against the wishes of directors and stockholders of said bankrupt company who were not interested in the defendant, and knowing the financial condition of said bankrupt company at the time said payments were so made and received."

Does this complaint state facts which, if proved, constitute a cause of action against the directors of said corporations individually who had the knowledge alleged? If so, I think such directors should be brought in and made parties defendant, as it is the duty of the trustee in bankruptcy to seek to recover assets belonging to the estate he represents from every source available and every party liable, when payment or delivery is not voluntarily made and the legal proceedings necessary promise results; that is, a substantial benefit to the estate. This court has many times held that it is not the duty of a trustee in bankruptcy to institute legal proceedings, expensive in their very nature, for the sake of securing a small recovery, which evidently would not cover the expense of the litigation, or for the purpose of having a legal proposition determined, which, when settled, while of general interest, may be, would not result in benefit to the estate. Here it is claimed that, while the defendant corporation is now apparently solvent, it may not be solvent at the end of the litigation, and

that the directors claimed by creditors to be liable are solvent, and that the creditors of the bankrupt corporation are entitled to have these solvent directors made parties and their liability determined, inasmuch as the complaint states a cause of action against them. Questions of the propriety and of expediency of making them parties defendant, if on the allegation made they are liable, would seem to be eliminated, and the question reduced to the proposition: Does this complaint state a cause of action against such directors? If not, even if there exists a ground of liability on their part, the trustee should seek to enforce it in some other action.

The gist of the charge against some of the directors common to both corporations seems to be that the majority of the directors in the bankrupt corporation, in opposition to the wishes of their codirectors, caused the bankrupt corporation to pay to this defendant corporation with the knowledge of its directors "many thousands of dollars * * * without any substantial consideration and *knowing* that said payments were made without any substantial consideration, but for services which in fact were not rendered, or so far as any services were rendered were of little value," or were made as compensation by way of commissions for sales which were not made by said defendant, but were made by the employés of the bankrupt corporation. This is an allegation equivalent to saying that such directors of the one corporation knowingly so paid such sums to the other corporation, and that the directors of the latter, or defendant corporation, knowingly—that is, with knowledge of the facts—so received such sums of money belonging to the now bankrupt corporation. There is no direct charge or allegation of willful fraud or wrongdoing and no direct allegation of corrupt intent. It is well settled that the directors of a corporation are not liable for mere errors of judgment, when they act without corrupt intent and in good faith, and are fairly competent to discharge the duties of the position, unless the acts be unlawful or ultra vires. People v. Equitable Life Assurance Society of the U. S., 124 App. Div. 714, 731, and cases cited at page 731, 109 N. Y. Supp. 453; Cass v. Realty Securities Co. et al., 148 App. Div. 96, 99, 132 N. Y. Supp. 1074; Holmes, as Trustee, v. St. Joseph Lead Co. et al., 168 App. Div. 688, 693, 154 N. Y. Supp. 513.

But if two corporations have the same directors controlling each corporation, and such directors, or a majority of them, acting for one of such companies, causes it to pay many thousands of dollars of its own money to the other company without substantial consideration therefor, and *"knowing"* that such payments were made without any substantial consideration, but in payment for services not rendered at all, or, if any were rendered, of little value, or as commissions for sales not made by the defendant corporation, but by the now bankrupt corporation which made the payment, do we have the case of an error of judgment, and absence of corrupt or bad intent, and action had in good faith, and where such payments were lawful and within the powers of the corporation making such payments? Is it not true that the property and money of a corporation is held by its

directors as a trust fund, or in trust, in equity, for the carrying on of its legitimate and lawful business enterprises, the payment of its just debts and obligations, and the balance to its stockholders when wound up? Can it be that the majority of the directors in two corporations, and being the controlling directors of both, may, against the wishes of some of the directors and stockholders of the one making the payments, *cause* to be paid to the other many thousands of dollars of its money or funds, *knowing* that such payments were made without any substantial consideration, but for services not rendered, or of little value, or for commissions on sales not made by it, but by the corporation making the payments, without incurring personal liability? To create personal liability is it not all-sufficient that such acts as the complaint alleges were done by the directors *knowing* the facts stated? Would it add anything to the complaint to allege that such payments were not only made or caused to be made by them, knowing the absence of consideration therefor and knowing that they were made for services not performed, etc., but fraudulently made, and in bad faith, and with intent to injure? Is it not true that intelligent men are presumed to intend the natural and known consequences of their acts *knowingly* done? Agnew v. United States, 165 U. S. 36, 53, 17 Sup. Ct. 235, 242 (41 L. Ed. 624) where the court charged:

"The intent to injure or defraud is presumed, when the unlawful act, which results in loss or injury, is proved to have been *knowingly* committed."

The court said this was unexceptionable as matter of law. In this case loss is alleged, for the mere fact that thousands of dollars were paid out without consideration, and for services not performed, or commissions on sales not made, shows that the bankrupt company suffered injury in the amount so paid. It can hardly be contended that to pay out the money of a corporation for services not rendered, knowingly, is not as to such corporation and its directors a wrongful act. Such payments made knowing the facts are wrongful, even if not criminal. Would not such payments injure and defraud the corporation making them and its creditors and stockholders?

I am of the opinion that, in view of the allegations of the complaint, the directors of the two corporations should be brought in and made parties defendant under such allegations as the plaintiff, in view of all his information, is advised he is justified in making, whereupon the sufficiency of the complaint can be tested by demurrer or otherwise. In view of the complaint and moving affidavits, and the trust relation of the plaintiff to the creditors of the bankrupt corporation, I think this should be done to protect him from the possible charge of willful neglect of duty to the injury of the creditors and possible personal liability. When these directors are brought in, and the complaint has been properly amended, or a supplemental complaint filed, its sufficiency can be tested by proper proceedings. The court does not indicate or decide that the plaintiff must charge facts creating a personal liability on the part of such directors.

There will be an order bringing in such directors as parties defendant, and for an amended or supplemental complaint.