### In re ROSE.

### ROSE v. BANK OF AMERICA, NAT. TRUST & SAVINGS ASS'N et al.[*]

No. 8096.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1936.

Oregon Smith, of Los Angeles, Cal., for appellant.

Louis Ferrari and G. D. Schilling, both of San Francisco, Cal., and C. Ray Robinson and Preston & Braucht, all of Merced, Cal., for appellees.

Harold M. Sawyer, of San Francisco, Cal., for California Farm Debt. Adjustment Commission, amicus curiæ.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This cause presents an appeal by the bankrupt .from an order sustaining a demurrer filed by appellee to a petition filed by the conciliation commissioner for Mer-

[*]Rehearing denied Jan. 11, 1937.

ced county, Cal., in a proceeding under section 75 of the Bankruptcy Act (47 Stat. 1470, see 11 U.S.C.A. § 203). The order sustained the demurrer without leave to amend.

Other than the facts stated in the petition, the fact that section 75 (s) of the Bankruptcy Act (48 Stat. 1289) was held unconstitutional in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, must be noticed.

It appears that appellant had conveyed certain real property to appellee bank by trust deed, and thereafter filed her debtor's petition under section 75 of the Bankruptcy Act, and was adjudicated a bankrupt under section 75 (s) on November 24, 1934.

On May 27, 1935, section 75 (s) was held unconstitutional by the Supreme Court.

On June 24, 1935, appellee bank caused a sale to be made of the above-mentioned real property, pursuant to the terms of the trust deed, at which sale appellee bank became the purchaser of said property. On September 13, 1935, appellee commenced a quiet title action against the appellant and other defendants in the state court of Merced county, Cal., and at the same time "obtained the appointment of a receiver ex parte to take charge of the crops growing upon the real estate."

The conciliation commissioner on September 17, 1935, issued a restraining order, by which appellee bank and all its agents were enjoined from interfering with the crops growing on the realty pending the administration of the bankrupt estate or until further order of the court. On September 21, 1935, appellant filed an amended petition under section 75 (s) as amended by the Act of August 28, 1935 (49 Stat. 942, 11 U.S.C.A. § 203 (s), and on that date an order of reinstatement was made. On the same date the state court made an order requiring the conciliation commissioner and appellant to appear on September 24, 1935, and show cause why they and each of them should not be punished for contempt of court. After hearing on the latter date, the state court adjudged the

conciliation commissioner and appellant guilty of contempt.

The conciliation commissioner thereafter on September 30, 1935, filed his petition in the court below, praying that appellee bank and all of its officers and agents be restrained from proceeding with the action to quiet title, and that the receiver appointed by the state court be enjoined from interfering with the property. Appellant did not join in the petition. To this petition appellee bank, its attorneys, and the receiver appointed by the state court filed a demurrer, which on December 13, 1935, was sustained without leave to amend, on the ground that the act as amended on August 28, 1935, was unconstitutional and void.

This appeal was taken by the bankrupt, the conciliation commissioner not being a party to the appeal.

Appellant contends (1) that at the time of the sale of the property appellant was either (a) in a proceeding pending under section 75 (s) [1], or (b) in a proceeding pending under section 75 (a to r, 11 U.S.C.A. § 75 (a–r) [2]; and (2) that in either case the sale and quiet title action were prohibited by section 75 (o), 11 U.S.C.A. § 203 (o).

Appellees contend that appellant has no standing before this court, because she was not a party to the petition in the trial court, but cites no authorities therefor. Amicus curiæ contend that appellant "was not only a party to record but she was obviously the real party in interest in the Court below and is still the real party in interest in the present appeal."

Subdivision (n) of the act in question provides, among other things: "In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of the courts, the title, powers, and duties of its officers, the duties of the farmer, and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer and the jurisdiction of the appellate courts, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered." 11 U.S.C.A. § 203 (n).

---

[1] This contention is based on the theory that in Louisville Joint Stock Land Bank v. Radford, supra, "it was not decided that the subsection [section 75(s)] was inoperative if creditors voluntarily accepted what it gave them," and since the petition was not dismissed it was still pending.

[2] Providing generally for compositions and extensions.

The filing of the petition by appellant was the equivalent of an adjudication in bankruptcy. Wilkerson v. Cooch (C.C.A. 9) 78 F.(2d) 311, 312.

Amicus curiæ apparently contend that, because appellant filed the petition, she was a party to all collateral proceedings which might arise in the main proceeding. If that is the contention, it is untenable, because many issues arise in the administration of a bankrupt's estate, in which the bankrupt cannot even remotely be interested, for example, controversies between the trustee and the creditors.

We are not here deciding whether or not appellant was "the real party in interest" so that she could file a petition like the one before us. The question before us is whether the bankrupt had a right to appeal from the order denying the petition filed by the conciliation commissioner.

The rule in the federal courts is that a person cannot appeal from an order, decree, or judgment who is not a party or privy to the record. U. S. ex rel. State of Louisiana v. Jack, 244 U.S. 397, 402, 37 S. Ct. 605, 61 L.Ed. 1222; Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423; Ex parte Leaf Tobacco Board of Trade, 222 U.S. 578, 32 S.Ct. 833, 56 L.Ed. 323; Guion v. Liv. Lon. & Globe Ins. Co., 109 U.S. 173, 3 S.Ct. 108, 27 L.Ed. 895; In re Cockcroft, 104 U.S. 578, 26 L.Ed. 856; In re Cutting, 94 U.S.(4 Otto) 14, 24 L.Ed. 49; Bayard v. Lombard, 50 U.S. (9 How.) 530, 559, 13 L.Ed. 245. One exception to this rule is that, where a person had been treated as a party in the trial court, he may be allowed to appeal. In re Cockcroft, supra; In re Cutting, supra. The cases cited by amicus curiæ, Andrews v. Thum (C.C.A.5), 64 F. 149, and Hinckley v. Gilman C. & S. R. Co., 94 U.S(4 Otto) 467, 24 L.Ed. 166, fall within this exception.

Obviously appellant was not a party to the proceeding. She was not named as a party petitioner, and was not ordered to show cause. She sought no relief, although the relief sought by a third person would have enured to her benefit. No relief was sought against her.

Likewise she could not be a privy, for she does not claim any right to an injunction as successor to the rights of the conciliation commissioner. If appellant had any rights upon which an injunction could be predicated, she obtained them when section 75 was enacted (47 Stat. 1470), which was prior to the filing of the petition before us, and not from the conciliation commissioner. Unless appellant had mutual or successive relationship to the same rights of property, she was not a privy. See Litchfield v. Goodnow's Adm'r, 123 U.S. 549, 551, 8 S.Ct. 210, 31 L.Ed. 199. Whatever rights were given by the act to the conciliation commissioner were not also given to appellant, and therefore, if the conciliation commissioner had any right to an injunction, appellant did not own that right with him, and did not succeed to it. Thus she is not in privity with him.

There is nothing in the record to show that appellant was ever treated as a party to the proceeding. Appellees in their briefs say that appellant did not appear in the proceeding. We do not find that statement controverted. The order denying the petition of the conciliation commissioner does not indicate who, if any one, was present at the time the petition came on for hearing. In fact, the first appearance of appellant shown by the record before us is in the petition for appeal. In appellant's brief it is stated that the petition was filed "on behalf of the bankrupt." The contents of the petition do not sustain the statement.

Amicus curiæ also rely on General Order No. 27 (Supreme Court Bankruptcy Orders), 11 U.S.C.A. following section 53, but that order refers to reviews by the District Court of orders made by referees. No more could be claimed for the order in question than that it should be treated and construed as a special statute creating a right of appeal. If so, we note that the order has no reference to appeals from the District Court to this court. The rule in question is of no avail to the bankrupt in the maintenance of this appeal.

In view of our conclusions, there is no necessity to discuss the other points raised.

Appeal dismissed.