## In re PEPPERS FRUIT CO.
### No. 2535.

District Court, S. D. California, Central Division.

July 20, 1938.

Reuben G. Hunt and Paul W. Sampsell,. both of Los Angeles, Cal., for Trustee.

LeRoy B. Lorenz, of Los Angeles, Cal.,. for reviewing creditors C. J. Lehman and. E. D. Nickerson.

David E. Rotkin and LeRoy B. Lorenz, both of Los Angeles, Cal., for reviewing creditor Carpenter Hiatt Sales Co.

JENNEY, District Judge.

On May 10, 1938, the Referee made an. order authorizing the Trustee to compromise two suits, then pending in this. court; namely, (1) Feather River Lumber

Company, plaintiff v. Peppers Fruit Company, defendant, Y–37–J; and (2) Russell B. Seymour, as trustee in bankruptcy of Peppers Fruit Company, plaintiff, vs. Western Fruit Growers, Inc., a corporation defendant, No. 1072–S. This order was made pursuant to a petition for leave to compromise controversy, filed by the Trustee on April 29, 1938. In his petition for leave to compromise, the Trustee makes no direct recommendation as to the advisability of accepting or rejecting the offer of compromise made by Thomas H. Peppers, the former president of the bankrupt corporation. He contents himself with outlining the offer in general terms and stating that he has discussed the proposals with the representatives of creditors having a substantial proportion of the claims against the bankrupt estate, and that they have advised him, as trustee, that they believe the offer should be accepted.

A hearing before the Referee was held in accordance with Sec. 27 of the Bankruptcy Act, 11 U.S.C.A. § 50, notice thereof having been given as prescribed by Sec. 58a(7) of that Act, 11 U.S.C.A. § 94(a)(7). The proposed compromise was approved at said hearing by creditors holding approximately 169 claims, in amounts aggregating $264,873.66. At the hearing no objections were presented other than by one C. J. Lehman, a creditor with a claim of $56.00, who was represented by attorney LeRoy B. Lorenz.

Within the time provided by Rule No. 84 of this court, and pursuant to General Order No. 27, 11 U.S.C.A. following section 53, the objecting creditor, Lehman, together with two other creditors, viz: Carpenter Hiatt Sales Company, with a claim of $3,301.75, and E. D. Nickerson, with a claim of $4,840, filed with the Referee their petition for a review of the Referee's order by this court. The general grounds stated are (1) that the trustee's petition for leave to compromise is insufficient in form in that it does not, pursuant to General Order No. 33, 11 U.S.C.A. following section 53, indicate the reasons why the trustee favors the compromise; and (2) that little, if any, evidence was produced at the hearing of the referee respecting the merits of the proposed settlement. It appears from the record that Carpenter Hiatt Sales Company and E. D. Nickerson had proper notice of the hearing before the Referee; but that neither appeared at said hearing or became parties thereto. The Referee prepared and filed his Certificate on Review. The Trustee then filed a motion to dismiss the review; or, in the alternative, to deny the petition, upon the grounds, (1) that such petition was not properly verified, and (2) that Carpenter Hiatt Sales Company and E. D. Nickerson were not represented at said hearing before the Referee and did not become parties thereto.

The review came on for hearing before this court on Wednesday, June 15, 1938. The Trustee appeared personally and attorney Lorenz appeared for the reviewing creditors. The matter was argued before the court and submitted for decision.

There appears to be nothing in the Bankruptcy Act, or the general orders, or the rules of this court, which require that a petition for review be verified; although this has apparently been the customary practice. Such a petition may hardly be considered a "pleading" within the meaning of Sec. 18c, of the Bankruptcy Act, 11 U.S.C.A. § 41(c). There is no provision in the act, the general orders, or our rules of court which requires the respondent to plead to such a petition. A petition to review a referee's order, under General Order 27, is comparable to a petition for appeal under Sec. 24c of the Bankruptcy Act, 11 U.S.C.A. § 47(c); which is an appeal from an order of a district judge to the Circuit Court of Appeals. This type of petition is not required to be verified. It thus appears that the contention of the Trustee is not well founded.

However, the contention of the Trustee that Carpenter Hiatt Sales Company and E. D. Nickerson are not proper parties to the review does appear to be well founded. The Circuit Court of Appeals for the Ninth Circuit, in the case of In re Rose, 1936, 86 F.2d 69, 32 A.B.R., N.S., 404, held that, under federal practice, no person may appeal from an order, decree, or judgment who is not a party or privy to the record. The court there decided that the bankrupt, in a Section 75, 11 U.S.C.A. § 203, proceeding, was not a proper party applicant, since she was not a party to the hearing in the court below. To the same effect see In re Inter-City Trust, 1 Cir., 1924, 295 F. 495, 3 A.B.R.,N.S., 566. The contrary view seems to be held by the Sixth Circuit in Forsher v. Graham, 6 Cir., 32 F.2d 654, 14 A.B.R.,N.S., 29. This court feels that, in the interest of economy and efficiency of administration of bankrupt estates, reviews from referees' orders, at

least those orders which are made after notice, should be limited to applications by parties who have appeared at the hearing before the referee and participated therein. Any other holding would leave the door open to a flood of reviews which would result not only in delay and expense, but would place an almost intolerable burden upon the district judges. This contention of the Trustee is, therefore, sustained and the review is dismissed as to Carpenter Hiatt Sales Company and E. D. Nickerson. This leaves C. J. Lehman as the sole reviewing creditor.

Counsel for the reviewing creditor raised before the Referee and before this court the question of the sufficiency of the petition of the Trustee for leave to compromise since it does not appear to comply with General Order No. 33, which provides that, in connection with proceedings for compromise of controversies, the petition shall clearly and distinctly set forth the matter in controversy, and shall indicate the reasons why the trustee considers it proper and for the best interests of the estate that the controversy be settled. The Trustee in this instance seems to be attempting to adopt a neutral position, giving no specific reasons and no specific recommendations for acceptance or rejection. Section 55c of the Bankruptcy Act, 11 U. S. C.A. § 91(c), provides that the creditors shall at a creditors' meeting, take such steps as may be necessary for the promotion of the best interests of the estate. There appears no sound reason why the Trustee, if he be in doubt as to the desirability of a proposed compromise, should not be permitted to submit the proposal for the consideration of creditors and of the Referee at a hearing duly noticed for that purpose, without being required to follow strictly the procedure indicated in said General Order No. 33. This contention is therefore overruled.

The proposed compromise involves, as hereinbefore indicated, the dismissal of two suits pending in this court. One of these (No. Y–37–J) is an equity receivership of the Peppers Fruit Company, the bankrupt herein, which preceded the bankruptcy, and in which Peppers acted as receiver. In that proceeding the Trustee seeks to surcharge Peppers on his bond, by reason of certain transactions which are involved in the second suit (No. 1072–S). The second suit is an action by the Trustee to recover approximately $200,000 from various defendants, including said Peppers and other persons with whom said Peppers was associated. This suit sounds in fraud.

From the Referee's certificate it is apparent that little or no testimony was introduced tending to show the facts upon which the fraud action was predicated, or as to the probability that such litigation might only result in delay and expense. This fact does not, however, clearly appear from the record. It is also possible that the Referee felt that the compromise should be made because it bore the approval of such an overwhelming amount and number of claims of creditors.

While these factors are, of course, most important, this court is of the opinion that in these compromise matters, where objection is made, even by only a small creditor, substantial evidence should be produced by the opposing parties in order that the Referee may carefully consider the merits or demerits of the proposed compromise. It is the duty of the referee to discourage litigation on behalf of the estate involving delay and expense, unless a substantial legal basis appears for the litigation and there seems a likelihood of substantial ultimate benefit to the estate in the event of a favorable judgment. On the other hand, it is equally the duty of the Referee to encourage litigation which appears to have a reasonable chance, without undue delay and expense, of bringing assets into the estate or protecting the assets already in the estate, or reducing the amount of the several classes of claims required to be considered upon distribution. In re Meadows, Williams & Co., D.C.N.Y., 181 F. 911, 25 A.B.R. 100; Billings v. Millar & Son Co., D.C.N.Y., 227 F. 185, 35 A.B.R. 846.

The order of the Referee must, therefore, be reversed, with instructions to the Referee to re-hear the Trustee's petition, upon a new notice to creditors under Section 58a(7) of the Bankruptcy Act, 11 U. S.C.A. § 94(a)(7); and at such hearing to receive and consider such competent evidence relating to the subject matter of these two pieces of litigation as may be presented by the parties, sponsoring or opposing the proposed compromise. Thereafter the Referee shall make such order as he may deem appropriate.

It is so ordered.