## In re MIFFLINBURG BODY CO.
### No. 10141.

District Court, M. D. Pennsylvania.
March 15, 1944.

Samuel Wilson, of Harrisburg, Pa., for Oren and Ruth Sterling, creditors.

Miller Alanson Johnson, of Lewisburg, Pa., for the trustee.

WATSON, District Judge.

This matter is before the court upon petition for review of an order of the referee confirming the accounts of the receiver and the trustee in bankruptcy, fixing the amount of compensation to be paid to the receiver, the trustee, the attorney for the trustee, and the auditors, and directing the payment of costs incurred in the proceedings.

The certificate on review filed by the referee is a preliminary one suggesting the dismissal of the petition for review because it is filed by parties who did not appear at the hearing held by the referee for the purpose of passing upon the matters disposed of in said order, and for the further reason that the petition for review is filed by an attorney at law as such.

The undisputed facts are that, upon the filing of final accounts by the receiver and by the trustee, the referee mailed notice of a meeting of creditors for the purpose of passing upon the accounts, fixing the compensation of persons entitled thereto, and passing upon costs of administration. Notice of meeting called by the referee, and the adjournments thereof, was mailed to and received by the petitioner for review here and his clients. Exceptions to the accounts referred to and to the various other matters which were to come before said meeting were filed by the petitioner for review on behalf of his clients, but neither he nor his clients appeared at the meeting called by the referee, or any adjournment thereof, and no continuance was ever requested by them. Although the final adjourned meeting was held on December 2, 1943, and the order of the referee was not made until December 16, 1943, it does not appear that the petitioner or his clients requested further opportunity to be heard

on the matters which came before the meeting.

The petition for review is "the petition of Samuel Wilson", who states that he is the attorney for two creditors of the estate. The petition does not state that it is filed on behalf of the petitioner's clients, nor does anything in the petition indicate that they are parties to it. So far as the record shows, the petition is that of Samuel Wilson, attorney at law, and not that of his clients.

The order entered by the referee was one which could be made only after hearing and notice pursuant to the provisions of Section 58, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 94, sub. a.

"Whenever matters are thus heard upon notice, reviews of orders are limited to applications by parties who have appeared at the hearing before the referee and participated therein." 2 Collier on Bankruptcy, 14th Ed., p. 1480; Matter of Peppers Fruit Co., D.C., 24 F.Supp. 119; see also Matter of Rose, 9 Cir., 86 F.2d 69.

The reason for this rule is clear. When a party to litigation receives notice that a matter will be heard, it is his duty to appear at the hearing and present to the court evidence and legal authorities which will be of aid to the court in making its decision. If he does not do so, the court must make its decision without the benefit of any evidence which such person might have made available, and the court must act upon the presumption that persons who are absent are not interested in the matter before it or will be satisfied with such decision as the court may make. To permit persons who did not participate in proceedings of which they are on notice to complain of the result of such proceedings would cause unlimited confusion and even disrespect of the courts and their authority.

■ It is also well settled that a petition for review may not be filed by an attorney at law who has no interest in the proceedings except as the representative of clients. 2 Collier on Bankruptcy, 14th Ed., p. 1480, and cases there cited.

An attorney has no interest in a proceeding except as a representative of his clients. His actions in any proceeding must appear to be the actions of his clients through him. This is particularly important in bankruptcy cases where the temptation is for lawyers to prolong litigation and harass the officers of the court for the purpose of procuring some special advantage.

■ There is nothing before the court to indicate that the clients whom the petitioner represents are parties to the petition for review or desire to have the matters which were disposed of by the referee reviewed. Furthermore, there is nothing in the petition for review that would indicate that the petitioner or his clients have any evidence to present which would cause the order of the referee to be changed.

For the foregoing reasons, the petition for review must be dismissed.

Now, March 15, 1944, it is ordered that the petition of Samuel Wilson for review of the order of the referee entered herein on December 16, 1943 be, and it is hereby, dismissed.