**William MARTIN, Sr., Appellant,**

**v.**

**BAY STATE MILLING COMPANY, Appellee.**

**Nos. 92 C 7872, 89 B 9796.**

United States District Court, N.D. Illinois, E.D.

Feb. 24, 1993.

William Martin, Sr., pro se.

Paul Michael Bauch, David D. Cleary, Bell, Boyd & Lloyd, Chicago, IL, for appellee.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the Court on appellee's motion to dismiss appellant's appeal from orders entered by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 8002. For the reasons set forth below, the motion is granted.

### BACKGROUND

Appellee, Bay State Milling Company ("Bay State"), on behalf of the estate of William Martin, Sr., moves this Court to dismiss appellant, William Martin, Sr.'s ("Martin") appeal from orders entered by the Bankruptcy Court on September 25, 1992, in Adversary Proceeding Nos. 90 A 1003 and 91 A 00418.

The following facts are not contested by the parties. On June 13, 1989, the appel-

lant, William Martin, Sr. ("Martin"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Bankruptcy Court subsequently entered an order converting the Chapter 11 case to a Chapter 7 liquidation case. On August 24, 1991, Sheldon L. Solow was appointed as trustee in the Chapter 7 liquidation case.

Subsequent to conversion, Bay State filed a complaint to bar the discharge of Martin (the "Discharge Action") pursuant to 11 U.S.C. § 727, which was based on the concealment of assets (Counts I, II, and V), the failure to maintain adequate records (Count IV), and the failure to adequately explain the dissipation of the debtor's assets prior to bankruptcy (Count VI). The Bankruptcy Court entered a judgment order in favor of the debtor on Counts I, II, IV, and V on May 18, 1992, and deferred judgment on Count VI following the presentation of additional relevant evidence to be heard at the trial in the adversary proceeding, Case No. 91 A 00418, scheduled to commence on August 17, 1992.

On April 3, 1991, the Bankruptcy Court entered an order granting Bay State's motion for authorization to pursue a fraudulent conveyance action against Martin's children pursuant to Section 544(b) of the Bankruptcy Code and the Illinois Fraudulent Conveyance Act. Sheldon Solow, trustee authorized Bay State to pursue the fraudulent conveyance action on behalf of the estate (the "Fraudulent Conveyance Action"). Commencing in August, 1992, the Bankruptcy Court conducted a trial on the Fraudulent Conveyance Action, which was consolidated with the remaining Count VI of the Discharge Action.

On September 25, 1992, the Bankruptcy Court entered judgment orders in favor of Bay State in the Fraudulent Conveyance Action, 91 A 00418, and in favor of Bay State on Count VI of the Discharge Action, 90 A 1003 (collectively, "judgment orders").

145 B.R. 933. The judgments were entered on the docket on the same date, September 25, 1992.[1]

On November 2, 1992, thirty-eight days after the entry of judgment and docketing of these orders, Martin filed a Notice of Appeal from the judgment orders. Martin did not file a motion for an extension of time to file a notice of appeal.

In reliance upon Federal Rule of Bankruptcy Procedure 8002, Bay State contends that this Court lacks jurisdiction over this appeal on the basis that Martin's Notice of Appeal was filed beyond the mandated ten-day appeal period. We agree and, therefore, grant Bay State's motion to dismiss.

## DISCUSSION

■■■ Federal Rule of Bankruptcy Procedure 8002 requires an appellant to file its notice of appeal within ten days from the entry of judgment. Fed.R.Bankr.P. 8002(a) ("The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from"). Failure to timely file a notice within the ten day appeal period divests the district court of jurisdiction over the appeal and mandates dismissal of the appeal. *In re Peacock*, 125 B.R. 526, 528 n. 7 (N.D.Ill.1991) ("[t]he 10–day time period in which to file a bankruptcy appeal is jurisdictional under Bankruptcy Rule 8002(a)"); *see also In re Topco, Inc.*, 894 F.2d 727, 733 n. 7 (5th Cir.1990) ("[Rule 8002's] ten day requirement is jurisdictional and cannot be waived"); *Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 310 (S.D.N.Y.1987) ("Failure to file timely a notice of appeal within the meaning of Bankruptcy Rule 8002 bars appellate review.... [citations omitted].... This 10–day limit is strictly construed, requiring strict compliance with its terms"). As stated, Martin filed his notice of appeal 38 days after the entry and docketing of

1. One basis for Martin's opposition to the present motion is his erroneous contention that the judgment orders in favor of Bay State were not docketed on September 25, 1992. In response to this Court's inquiry, the Bankruptcy docket clerk confirmed that the two judgments at issue were docketed on September 25, 1992, the same day the judgments were entered. In any case, the relevant date under Bankruptcy Rule 8002 is the date a judgment is entered, not its date of docketing.

the judgment orders. We, therefore, find that Martin failed to file a timely notice of appeal under Bankruptcy Rule 8002. Accordingly, this Court has no jurisdiction to hear this appeal unless Martin can show that he properly applied for an extension of time pursuant to Bankruptcy Rule 8002(c).

However, we conclude that this Court is without jurisdiction to grant Martin an extension of time to file a notice of appeal, because Martin has not complied with either of the prerequisites necessary to obtain an extension of time to file a notice of appeal under Bankruptcy Rule 8002(c). Bankruptcy Rule 8002(c) states in pertinent part:

> The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made *no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon the showing of excusable neglect....*

(emphasis added).

Thus, under Bankruptcy Rule 8002(c), although a motion to extend the time for filing a notice of appeal must be made within the ten-day period, a request made no more thirty days from the entry of the order may be granted upon a showing of excusable neglect. While not disputing his failure to file a motion for an extension of time, Martin improperly relies upon the decision reached in *In re Inwood Realty Co.,* 4 B.R. 459 (S.D.N.Y.1980), in which the court held that the notice of appeal, filed eleven days after the entry of the order, served as a motion for an extension of time filed within the twenty day period. The *Inwood* court focused on the notice of appeal and did not consider the appellant's motion, which was filed after the thirty day time period.

■ Therefore, we find that *Inwood* does not apply to the present case, in which Martin *never* filed a motion for extension of time and did not file his notice of appeal until thirty-eight days after the entry of the order. "A motion for an extension filed more than 20 days after the expiration of the 10 day period is untimely without regard to excusable neglect and is properly denied." *In re Martinez,* 97 B.R. 578, 580 (9th Cir. BAP 1989); *see also Moore v. Hogan,* 851 F.2d 1125 (8th Cir.1988); *Collier on Bankruptcy,* ¶ 8002.07 (15th Ed.) ("[t]he wording of Rule 8002(c) makes it clear that once 30 days have expired from the entry of the order, no appeal may ever be taken, even upon a showing of excusable neglect"). Thus, pursuant to Bankruptcy Rule 8002(c), this Court is without jurisdiction to grant an extension of time to Martin to file a notice of appeal.

## CONCLUSION

For the foregoing reasons, we conclude that Martin's notice of appeal was untimely filed under Bankruptcy Rule 8002 and, therefore, grant Bay State's motion to dismiss Martin's appeal of the orders entered by the Bankruptcy Court on September 25, 1992, Nos. 90 A 1003 and 91 A 00418.