51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Daryl A. SCHULTZ and Norita J. Schultz,
Debtors-appellants.
 No. 93-3038.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 "Every federal appellate court has a special obligation to satisfy itself of the jurisdiction of the lower federal courts in a case under review." United Steelworkers v. Libby, McNeil & Libby, 895 F.2d 421, 423 (7th Cir.1990). In the present case, the bankruptcy court entered judgment requiring the turnover of funds contained in a bank account and denied the post-judgment motions of appellants Daryl and Norita Schultz "for amendment of findings and judgment." Appellants, however, did not file their notice of appeal within ten days of entry of the bankruptcy court's May 7, 1993 order denying the post-judgment motions as required under Bankruptcy Rule 8002. Their failure to timely appeal deprived the district court of its jurisdiction to review the bankruptcy court's judgment. In the Matter of Topco, Inc., 894 F.2d 727, 733 n. 7 (5th Cir.1990) (Rule 8002's ten day requirement is jurisdictional and cannot be waived); Martin v. Bay State Milling Co., 151 B.R. 154, 155 (N.D.Ill.1993); In re Peacock, 125 B.R. 526, 528 n. 7 (N.D.Ill.1991).
 
 
 2
 Appellants' reliance on a 1987 amendment to Bankruptcy Rule 9006(a) (which provided for the exclusion of intermediate weekends and legal holidays if the time prescribed by the bankruptcy rules is less than eleven days) is misplaced. As a result of a 1989 amendment to the rule, all ten day time periods prescribed are no longer extended because of intermediate weekends and legal holidays; the 1989 amendment substituted eight days for eleven.
 
 
 3
 The dismissal of appellants' appeal from the bankruptcy court's decision is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)