**In re SCHWINN BICYCLE CO., et al.**

**FAIRLY BIKE MFG. CO., LTD., and Li Hsin Rubber Ind. Co., Ltd., Appellants,**

v.

**SCHWINN PLAN COMMITTEE, Appellee.**

No. 96 C 8600.
Bankruptcy Nos. 92 B 22474 thru 92 B 22482.
Adversary No. 94 A 01618.

United States District Court, N.D. Illinois, Eastern Division.

June 18, 1997.

---

Herman Joseph Marino, Richard Neil Steiner, Ariel Weissberg, Weissberg & Associates, Ltd., Chicago, IL, Eric Gustav Gross-

man, Bailey, Borlack and Nadelhoffer, Chicago, IL, for Fairly Bike Mfg., Co.

Nancy E. Sasamoto, Natale Fata, Masuda, Funai, Eifert & Mitchell, Ltd., Chicago, IL, for Akibo Corp.

Arthur M. Holtzman, Steven M. Austermiller, Pedersen & Houpt, P.C., Chicago, IL, for American Labelmark Co.

William Jeffrey Factor, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, H. Bruce Bernstein, Sidley & Austin, Chicago, IL, for Bank of America Sucio, Bell Bicycle, Inc.

Scott J. Goldstein, Spencer, Fane, Britt & Browne, Kansas City, MO, Douglas M. Weems, Kansas City, MO, Michael Small, Chicago, IL, for Betty Campbell.

David S. Curry and Christy S. Beznoska, Chicago, IL, for Citibank Diners Club.

David L. Eaton, Matthew N. Kleiman, Kirkland & Ellis, Chicago, IL, for Directory Service Bureau, Ltd.

Stuart A. Shanus, David D. Cleary, Bell, Boyd & Lloyd, Chicago, IL, for Fritz Companies, Inc.

Thomas E. Raleigh, Raleigh and Helms, Chicago, IL, Ronald D. Weiss, Melville, NY, for Greenfield Industries, Inc.

Dennis M. O'Dea, John Frederick Young, Keck, Mahin & Cate, Chicago, IL, for Keck, Mahin & Cate.

Scott Neil Schreiber, Much, Shelist, Freed, Denenberg, Ament, Bell & Rubenstein, P.C., Chicago, IL, for Kitzing Inc.

Scott L. Lanin, Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano, P.C., Uniondale, NY, Paul R. Hoffman, Chicago, IL, for Li Hsin Rubber Ind. Co., Ltd.

Michael L. Orndahl, Militello, Zanck & Coen, P.C., Crystal Lake, IL, Herman Joseph Marino, Richard Neil Steiner, Ariel Weissberg, Weissberg & Associates, Ltd., Chicago, IL, for Magnani Jacobi, Inc.

Keith K. Nicolls, McCaleb, Lucas & Brugman, Oakbrook Terrace, IL, Robert Louis Marsh, Patnaude, Videbeck & Marsh, Oakbrook Terrace, IL, for McCaleb, Lucas & Brugman.

Arthur A. Schulcz, Washington, DC, for Midco Trust Fund.

Eric Gustav Grossman, Bailey, Borlack and Nadelhoffer, Chicago, IL, for Ming-Tay Hardware Ind. Co.

Maria F. DiLorenzo, Wildman, Harrold, Allen & Dixon, Chicago, IL, Norman B. Newman, Much, Shelist, Freed, Denenberg, Ament, Bell & Rubenstein, P.C., Chicago, IL, for Nettles & Co.

Robert Henry Skilton, Haligman and Lottner, P.C., Denver, CO, Robert J. Wilczek, Chicago, IL, for Orleander and Pacific Dunlop, Ltd.

James J. Stamos, Stamos & Trucco, Chicago, IL, Laurie S. Elkin, Stephen G. Seliger, Ltd., for Paioli Meccanica Spa.

Alan Bruce White, Karaganis & White, Ltd., Chicago, IL, Bruce C. Scalambrino, Kristin L. Moran, Scalambrino & Arnoff, Chicago, IL, for Patrick Mountain Advertising and D.

Thomas C. Wolford, Neal, Gerber & Eisenberg, Chicago, IL, for Regal Intern. Dev. Co.

Michael Kenneth Bartosz, Cahill, Christian & Kunkle, Chicago, IL, Paul A. McGinley, Allentown, PA, for Rodale Press, Inc.

John McGinnis, Altheimer & Gray, Chicago, Il, Bruce G. Arnold, Robert J. Flemma, Jr., Whyte, Hirschboeck & Dudek, Milwaukee, WI, for Sachs (Huret) Industries.

Allan S. Brilliant, Benjamin L. Nortman, Holleb & Coff, Chicago, IL, John F. Donogher, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, NY, for Shimano American Corp.

Peter Dermott Finocchiaro, Rivkin, Radler & Kremer, Chicago, IL, Joseph G. Beaton, Jr., Minneapolis, MN, for Supermats, Inc.

Nancy Ellen Paridy, Rooks, Pitts & Poust, Chicago, IL, Debra Lee Allen, Transamerica Insurance Finance Corp., Williamsville, NY, for Transamerica Ins. Finance Corp.

Duane L. Coleman, Lewis, Rice & Fingersh, St. Louis, MO, for True Fitness Technology, Inc.

John W. Costello, Wildman, Harrold, Allen & Dixon, Chicago, IL, for United Parcel Service.

Mark K. Thomas, Katten, Muchin & Zavis, Chicago, IL, for Schwinn Plan Committee.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

About five years ago, the Schwinn Bicycle Company went into bankruptcy. As part of the bankruptcy proceedings, in October 1994, the Schwinn Plan Committee ("the Committee") filed a complaint in bankruptcy court seeking to recover preferential transfers from certain defendants, including Fairly Bike Manufacturing Company, Limited ("Fairly"), and Li Hsin Rubber Industrial Company, Limited ("Li Hsin"). The Committee sought to recover $111,142.95 from Fairly and $195,171.39 from Li Hsin.

On March 25, 1996, the bankruptcy court entered a final judgment against Fairly and in favor of the Committee on the Committee's preference claim of $111,142.95 plus interest. Fairly filed a notice of appeal from the final judgment on November 19, 1996.

On October 3, 1996, the bankruptcy court entered a final judgment against Li Hsin and in favor of the Committee on the Committee's preference claim of $195,171.39 plus interest. Li Hsin filed a notice of appeal from the final judgment on October 15, 1996, and filed an additional notice of appeal on November 19, 1996.

Both Fairly and Li Hsin appealed to this court from the final judgments entered by the bankruptcy court. The Committee now moves to dismiss both appeals.

## I. DISCUSSION

### A. Motion to dismiss Fairly's appeal

The Committee contends that Fairly's notice of appeal was untimely filed, and therefore that this court has no jurisdiction over Fairly's appeal. The Committee also contends that Fairly was not an aggrieved party, and therefore has no standing to appeal.

■ Under Federal Rule of Bankruptcy Procedure 8002,[1] a party wishing to appeal from a judgment of the bankruptcy court must file its notice of appeal within 10 days from the entry of judgment. FED.R.

BANKR.P. 8002(a). *See also In re Longardner & Assoc., Inc.,* 855 F.2d 455, 462 (7th Cir.1988), *cert. denied sub nom. Landahl, Brown & Weed Assoc. v. Longardner & Assoc.,* 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989); *Martin v. Bay State Milling Co.,* 151 B.R. 154, 155 (N.D.Ill.1993). However, Rule 8002(c) allows the bankruptcy judge to extend the time for filing the notice of appeal up to 20 days under two conditions: either (1) the party must request the extension of time within the original 10-day period, or (2) the party must request the extension of time within 20 days after the expiration of the original 10-day period *and* must show excusable neglect for missing the original 10-day deadline. SEE FED. R.BANKR.P. 8002(c); *see also Martin,* 151 B.R. at 156.

■ The bankruptcy court entered judgment against Fairly on March 25, 1996. Fairly's counsel in Taipei, Taiwan, apparently did not receive notice of the entry of judgment until November 3, 1996, by fax from the Committee. Fairly filed its notice of appeal on November 19, 1996. On December 6, 1996, the Committee moved before the bankruptcy court to dismiss Fairly's appeal, and Fairly moved for leave to file an untimely statement and designation of issues as required by Rule 8006(a). On January 17, 1997, the bankruptcy court granted Fairly's motion to perfect appeal under Rule 8006(a) and denied the Committee's motion to dismiss for lack of jurisdiction, finding that Fairly had not received notice of the judgment until November 3, 1996, and also that it had no jurisdiction to decide the motion to dismiss. Fairly's appeal thus proceeded in this court.

The court finds that Fairly failed to file its notice of appeal and to request an extension of time to file its notice of appeal in a timely manner, and therefore that this court has no jurisdiction over Fairly's appeal.

The failure to file a timely notice of appeal divests the district court of its jurisdiction over the appeal and mandates dismissal of the appeal. *Martin,* 151 B.R. at 155 (citing

---

1. All future references to "Rule ——" are references to one of the Federal Rules of Bankruptcy Procedure.

*In re Peacock,* 125 B.R. 526, 528 n. 7 (N.D.Ill. 1991) ("[t]he 10–day time period in which to file a bankruptcy appeal is jurisdictional under Bankruptcy Rule 8002(a)")) (other citations omitted). Accordingly, this court has no jurisdiction over Fairly's appeal unless Fairly can show that it properly applied for an extension of time under Rule 8002(c). *See Martin,* 151 B.R. at 155–56.

Fairly cannot satisfy this requirement. Rule 8002(c) is clear and unequivocal about what a party must do to get an extension of time to file a notice of appeal. Generally, the party must make its request within the 10–day period allowed by Rule 8002(a). However, if the party fails to do so, but can show that its lapse was due to excusable neglect, the party has an additional 20 days from the expiration of the first 10–day period—or no more than 30 days from the date of the entry of judgment—to request an extension of time. *See* FED.R.BANKR.P. 8002(c); *Martin,* 151 B.R. at 155–56; *In re Met–L–Wood Corp.,* 76 B.R. 648, 649 (N.D.Ill.1987).

In any event, a motion for an extension of time made more than 20 days after the expiration of the original 10–day period " 'is untimely without regard to excusable neglect and is properly denied.' " *Martin,* 151 B.R. at 156 (quoting *In re Martinez,* 97 B.R. 578, 580 (9th Cir. BAP 1989), *aff'd,* 919 F.2d 145 (1990)) (other citations omitted). *See also* COLLIER ON BANKRUPTCY, ¶ 8002.07 (15th ed.) ("[t]he wording of Rule 8002(c) makes it clear that once 30 days have expired from the entry of the order, no appeal may ever be taken, even upon a showing of excusable neglect"). *Accord In re Zussman,* Nos. 83 B 0177, 85 A 0388, 1993 WL 410411, *3–4 (N.D.Ill.1993).

Regardless of the reasons, Fairly neither filed a notice of appeal within 10 days nor filed a request for an extension of time within 30 days from the date of the entry of judgment against it. Consequently, Fairly may not appeal the entry of judgment.

The fact that Fairly did not have notice of the entry of judgment does not change the court's conclusion. Rule 9022 explicitly provides that lack of notice of entry of judgment is no excuse for failing to file a timely notice of appeal. *See* FED.R.BANKR.P. 9022 ("[l]ack of notice of the entry [of judgment] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002"). As the court already has noted, Fairly did not file a timely notice of appeal or request for an extension of time pursuant to Rule 8002; thus, neither Rule 8002 nor Rule 9022 saves its appeal.

Moreover, the court notes that Fairly was represented by local counsel in Chicago, and therefore could have, and in fact should have, monitored the docket to keep abreast of entries such as the March 25, 1996, default judgment. *See In re Delaney,* 29 F.3d 516, 517 (9th Cir.1994) (quoting *In re Sweet Transfer & Storage, Inc.,* 896 F.2d 1189, 1193 (9th Cir.1990)) ("[parties have an affirmative duty to 'monitor the dockets to inform themselves of the entry of orders they may wish to appeal];' " therefore, lack of "notice of entry of an order is not a ground, by itself, to warrant finding an otherwise untimely appeal to be timely"). Instead, Fairly chose not to participate in or monitor the proceedings in the Committee's case against it, and has only itself to blame for its failure to file a timely notice of appeal.

Finally, the court notes that Fairly filed its notice of appeal 16 days after it received notice of the entry of judgment, and did not request any extension of time to file the notice of appeal. Thus, even if the time from the entry of judgment on March 25, 1996, to the time Fairly received notice of the entry of judgment on November 3, 1996, were somehow tolled, Fairly still failed to file a timely notice of appeal.

Fairly never properly filed a notice of appeal from the bankruptcy court's March 25, 1996, entry of judgment against it, and it cannot do so now. Accordingly, the court has no jurisdiction over Fairly's appeal, which the court dismisses with prejudice.

Because the court finds that it has no jurisdiction over Fairly's appeal, it declines to address the Committee's argument that Fairly was not an aggrieved party. However, the court notes that the following discussion of the "aggrieved person" argument in the context of the Committee's motion to dismiss Li Hsin's appeal applies equally to Fairly.

## B. *Motion to dismiss Li Hsin's appeal*

The Committee contends that Li Hsin has no standing to appeal from the final judgment entered against it by the bankruptcy court on October 4, 1996, because Li Hsin was not a "person aggrieved" by the order.

■ "Only a 'person aggrieved' has standing to appeal an order of the bankruptcy court." *Matter of Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 690 (7th Cir.1992) (citing *Matter of UNR Indus., Inc.*, 725 F.2d 1111, 1120 (7th Cir.1984); *Matter of Carbide Cutoff, Inc.*, 703 F.2d 259, 264 (7th Cir.1983); *Unsecured Creditors Committee v. Leavitt Structural Tubing Co.*, 55 B.R. 710, 711 (N.D.Ill.1985), *aff'd*, 796 F.2d 477 (7th Cir. 1986)).

■ "Prerequisites for being a 'person aggrieved' are attendance and objection at a bankruptcy court proceeding" after receiving notice of the proceeding. *Schultz*, 956 F.2d at 690 (citing *In re Commercial Western Finance Corp.*, 761 F.2d 1329, 1334–35 (9th Cir.1985)). Put another way, " '[w]henever matters are thus heard upon notice, reviews of orders are limited to applications by parties who have appeared at the hearing before the [bankruptcy court] and participated therein.' " *In re Mifflinburg Body Co.*, 54 F.Supp. 560, 561 (M.D.Penn.1944) (quoting 2 COLLIER ON BANKRUPTCY 1480 (14th ed.); *In re Peppers Fruit Co.*, 24 F.Supp. 119 (S.D.Calif.1938); citing *In re Rose*, 86 F.2d 69 (9th Cir.1936)).[2]

The reason for attendance and objection as prerequisites for standing to appeal "is clear." *Mifflinburg*, 54 F.Supp. at 561.

> When a party to litigation receives notice that a matter will be heard, it is his duty to appear at the hearing and present to the court evidence and legal authorities which will be of aid to the court in making its decision. If he does not do so, the court must make its decision without the benefit of any evidence which such person might have made available, and the court must act upon the presumption that persons who are absent are not interested in the matter before it or will be satisfied with such decision as the court may make. To per-

mit persons who did not participate in proceedings of which they are on notice to complain of the result of such proceedings would cause unlimited confusion and even disrespect of the courts and their authority.

*Id.*

■ In the present case, Li Hsin filed an answer to the Committee's complaint. (*See* Mot. to Dismiss Appeal Filed by Li Hsin Rubber Ind. Co., Ltd. Ex. 1 ¶ 4.) However, it then failed to participate in the proceedings against it in any other way. (*See id.* at 5–32.) In fact, Li Hsin sent a letter to the Committee's counsel, with a copy to the bankruptcy court, stating that it did not intend to participate in any way in the trial of the Committee's preference claim. (*Id.* at 5.)

Li Hsin remained true to its word. It did not respond to the Committee's request for admissions; file or serve any of the pretrial filings required by the bankruptcy court's order, including proposed findings of fact; appear for or present evidence at trial; or otherwise participate at trial. (*See id.* at ¶¶ 5–8, 16, 18, 23, 26, 28, 29.) Because Li Hsin did not present evidence to controvert that presented by the Committee or to prove any of its affirmative defenses, or otherwise participate in trial, the bankruptcy court found that the Committee had established its right to recover preferential transfers from Li Hsin.

Li Hsin's minor preliminary participation in the proceedings against it was significantly less than the participation of the *Schultz* appellants in the hearing on their claims. In *Schultz*, the appellants attended a status conference, at which the court indicated its intention to hold a hearing at a later date on issues affecting the appellants; at the court's direction after the court set a hearing date, filed a pre-trial statement on the issues affecting them; and filed a "Notice of Divested Jurisdiction." *Schultz*, 956 F.2d at 691. However, they failed to appear at the hearing and present their objections to the proposed action. *Id.*

The Seventh Circuit found that the appellants' failure to appear and object at the

---

**2.** The *Commercial Western* court relied on *Mifflinburg, In re Peppers Fruit*, and *In re Rose*, as well as several other older cases, in reaching its

holding. *See Commercial Western*, 761 F.2d at 1334–1335; *id.* at 1335 n. 10.

hearing after receiving notice of it precluded them from appealing the order entered by the bankruptcy court following the hearing. *Id.* Because the appellants had not satisfied the prerequisites for being "person[s] aggrieved," they had no standing to appeal the bankruptcy court's order.

As did the *Schultz* appellants, Li Hsin failed to attend and object at the hearing on the Committee's claim. While Li Hsin answered the Committee's complaint, it then utterly stopped defending against the Committee's claims. Not only did it fail to participate in trial, but it did so consciously and willfully, and informed the Committee and the bankruptcy court of its intentions. Under *Schultz,* Li Hsin clearly failed to satisfy the prerequisites for being a "person aggrieved" by the bankruptcy court's decision.

Despite its failure to attend and defend itself at the trial of the Committee's preference claim, Li Hsin now asks for relief from the judgment that resulted from the trial. However, as the *Mifflinburg* court noted, "it [was Li Hsin's] duty to appear at [trial] and present to the court evidence and legal authorities [that would have been] of aid to the court in making its decision." *Mifflinburg,* 54 F.Supp. at 561. Because Li Hsin chose to abandon its duty, the bankruptcy court was required to make its decision without the benefit of any evidence that Li Hsin might have made available and act upon the presumption that Li Hsin was not interested in the resolution of the Committee's claim or would be satisfied with the court's decision on the claim. *See id.*

Li Hsin made the choice to forego participating in the trial of the preference claim against it. Li Hsin will have to live with that choice.

Because of its failure to appear and defend itself at the trial of the Committee's claim against it, Li Hsin has failed to satisfy the prerequisites for being a "person aggrieved," and therefore has no standing to appeal the bankruptcy court's entry of default judgment against it. Accordingly, Li Hsin's appeal from the bankruptcy court's entry of judgment against it is dismissed with prejudice.

## II. CONCLUSION

For the foregoing reasons, the court grants plaintiff/appellee Schwinn Plan Committee's motions to dismiss the appeals of defendants/appellants Fairly Bike Manufacturing Company, Limited, and Li Hsin Rubber Industrial Company, Limited, and dismisses both appeals with prejudice.