In re Richard Scott **FERGUSON**, Debtor.

Barbara **KADLECEK**, Plaintiff,

v.

Richard Scott **FERGUSON**, Defendant.

Bankruptcy No. 96 B 04422.
Adversary No. 96 A 00677.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 28, 1997.

Timothy P. Whelan, Wheaton, IL, for Plaintiff.

William Lester, Lombard, IL, for Defendant.

***MEMORANDUM OPINION ON DEFENDANT'S MOTION TO VACATE DEFAULT AND DISMISS COMPLAINT AND PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE PROCESS***

JACK B. SCHMETTERER, Bankruptcy Judge.

This Adversary proceeding relates to a bankruptcy case filed by Richard Scott Ferguson ("Debtor") under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* The Adversary Complaint seeks to have an asserted debt owed to Plaintiff Barbara Kadlecek declared non-dischargeable pursuant to §§ 523(a)(2)(A) and (a)(6). Defendant moved that any default order be vacated and that the Complaint be dismissed with prejudice due to improper and untimely service of process. In response to Defendant's motion, Plaintiff moved to enlarge time to serve process. For reasons stated below, Defendant's Motion to Dismiss is denied, and Plaintiff's Motion to Enlarge Time is granted. No default order has been entered, so the Motion to Vacate Default is moot.

### *Background and Facts Pleaded*

On February 21, 1996, the Debtor filed his voluntary bankruptcy petition for relief. Prior to that filing, Debtor was the sole proprietor and general contractor of Ferguson Custom Homes, a home construction business. On May 14, 1994, Debtor and Plaintiff entered into a contract for construction of a custom home based upon specific design specifications. Debtor completed construction, and on or about December 1, ·1994, Plaintiff began to occupy the property.

Shortly thereafter, Plaintiff noticed and brought to Debtor's attention a potential defect in the construction of the home. Debtor inspected the home, but denied the existence of any defect. After Plaintiff had the property inspected by a certified structural architect, who indicated that the home was not built in accordance with certain specifications, Debtor attempted to remedy the defects. However, Debtor was unable to effectively remedy the situation and subsequently filed his bankruptcy petition.

The last date for filing complaints to determine the dischargeability of a debt was May 28, 1996. On that date, Plaintiff filed this Adversary proceeding, asserting that Debtor's obligation to her is barred from dischargeability under Title 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). Also on May 28, 1996, the initial summons was issued and returned showing personal service on Defendant on July 2, 1996. The original return date on the initial summons was July 12, 1996. An alias summons was issued herein on July 29, 1996. The alias summons was served by mailing a copy to the Debtor on August 29, 1996. However, neither the original nor the alias summons was served on Debtor's attorney.

A motion for default was prepared by Plaintiff's counsel, who sent notice to Debtor and Debtor's counsel by mail and hand delivery on September 24, 1996. However, that motion for default was withdrawn on November 22, 1996, because Plaintiff conceded that neither the original summons nor the alias summons were properly served.

On October 4, 1996, Debtor moved to vacate any and all default judgments (of which none had been entered) and to dismiss the Complaint for want of prosecution. He argued that service was defective as it failed to comply with the requirements of Fed.R.Bankr.P. 7004(f), which requires that a summons must be delivered or deposited in the mail within 10 days following its issuance. In addition, Fed.R.Bankr.P. 7004(b)(9) provides that Defendant's attorney as well as Defendant must be served. Debtor further argued that the Adversary proceeding must be dismissed pursuant to Fed.R.Civ.P. 4(j), made applicable to adversary proceedings through Fed.R.Bankr.P. 7004(a), which requires that service of summons be made

within 120 days after the filing of the complaint unless good cause is shown for the failure to serve the summons within such time.

In response, Plaintiff filed a motion to enlarge time to serve process pursuant to Fed.R.Bankr.P. 9006. She argued that her counsel was unaware that the original summons and alias were served incorrectly. Plaintiff further argued that a flood in Du-Page County which resulted in a temporary relocation of her counsel's practice and his paralegal's sudden departure caused the mailing of the alias summons to be delayed, as well as his "inadvertent" failure to mail a copy of the summons to Debtor's counsel.

### *Discussion*

Service of an adversary complaint and summons must be made pursuant to Fed.R.Bankr.P. 7004, which sets out certain requirements and makes several parts of Fed.R.Civ.P. 4 applicable in Adversary proceedings.[1] Fed.R.Civ.P. 4 provides:

> Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

Fed.R.Civ.P. 4(a).[2] Pursuant to Rule 4, service may be made by several methods, including personal service. Fed.R.Civ.P. 4(d)(1).[3] In addition, Fed.R.Bankr.P. 7004(b)(9) provides that service upon the debtor during the pendency of the bankruptcy proceeding may also be made by mailing copies of the summons and complaint to the debtor and the debtor's attorney. Fed.R.Bankr.P. 7004(f)[4] adds an additional requirement that service shall be made either by delivery of mailing of the summons and complaint within 10 days following issuance of the summons. Fed.R.Bankr.P. 7004(f) also provides that "[i]f a summons is not timely delivered or mailed, another summons shall be issued and served."

■ As stated, the original summons was issued on May 28, 1996. Personal service was not made until 35 days later. Thus, service of the original complaint and summons was defective under Fed.R.Bankr.P. 7004(f) because the Summons and Complaint were served outside the 10-day period. Service upon Debtor's attorney was not required for the original summons as personal service was made pursuant to Fed.R.Civ.P. 4(d)(1). The alias summons issued on July 29, 1996, was not sent by mail to Debtor until August 20, 1996,[5] a difference of 22 days. Therefore, such service also violated Rule 7004(f).

■ Moreover, copies of the alias summons and Complaint were never sent to Debtor's counsel, thus rendering service defective under 7004(b)(9). *See In re Cappuccilli,* 193 B.R. 483, 486 (Bankr.N.D.Ill.1996).

---

1. Fed.R.Bankr.P. 7004 formerly provided: "Rule 4(a), (b), (c)(2)(C)(i), (d), (e) and (g)-(j) F.R.Civ.P. applies in adversary proceedings ... The subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules shall be the subdivisions of Rule 4 F.R.Civ.P. in effect on January 1, 1990, notwithstanding any amendment to Rule 4 F.R.Civ.P. subsequent thereto." Fed.R.Bankr.P. 7004(a) and (g). Rule 4 has been amended subsequent to 1990. However, Fed.R.Bankr.P. 7004 has also been amended effective December 1, 1996. It now reads: "Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (*l*) and (m) F.R.Civ.P. applies in adversary proceedings." Fed.R.Bankr.P. 7004(a). In addition, the amendment abrogated Fed.R.Bankr.P. 7004(g). Thus, the version of Fed.R.Civ.P. 4 currently applicable in adversary proceedings is the amended version.

 Although the rule has been amended, a discussion of both versions is helpful. The former Fed.R.Civ.P. 4(j), discussed *infra*, was amended

and renumbered as Fed.R.Civ.P. 4(m). Rule 4(m) as it currently reads is also discussed *infra*. To avoid confusion, all discussion about Fed.R.Civ.P. 4(j) is to Rule 4(j) as it existed in 1990 and as it applied to Rule 7004 prior to the amendment. All discussion about Fed.R.Civ.P. 4(m) is to the current rule and as it applies to the current version of Fed. R. Bankr.P. 7004.

2. Currently Fed.R.Civ.P. 4(b).

3. Currently Fed.R.Civ.P. 4(e)(2).

4. Currently Fed.R.Bankr.P. 4(e).

5. In Plaintiff's Motion for Default, Plaintiff alleged that the alias summons had been mailed on August 27, 1996. However, both parties seem to agree that the alias summons was mailed on August 20, 1996.

Thus, as with the original summons, service of the alias summons was insufficient.

■■■ In order for a federal court to exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Intern. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987) (*citing Mississippi Pub. Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S.Ct. 242, 245–46, 90 L.Ed. 185 (1946)). Thus, defective service efforts to date have been insufficient to bestow jurisdiction over the Defendant in this Adversary.

■■■ However, Fed.R.Bankr.P. 7004(f) provides that where service of a summons is not made within 10 days of its issuance, another copy shall be issued and served. Thus, where a plaintiff's failure to comply with the 10–day service requirement results in defective service, that may not be fatal to the complaint. *See In re Betts,* 142 B.R. 819, 825 (Bankr.N.D.Ill.1992) (lack of simultaneous service is not fatal to jurisdiction).

However, Fed.R.Civ.P. 4(j) provides that:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause for why such service was not made within that period, the action shall be dismissed as to that defendant *without prejudice* upon the court's own initiative with notice to such party or upon motion.

(Emphasis added.)

■■■ It has been held in this Circuit that "if a defendant is not served with the summons and complaint within 120 days after the complaint was filed, the district court must dismiss the action unless the plaintiff demonstrates good cause for the delay." *Floyd v.*

*United States,* 900 F.2d 1045, 1046 (7th Cir. 1990). As stated, the Complaint was filed on May 28, 1996. The 120–day window closed in late September 1996. Plaintiff argues that the issuance of the alias summons on July 29, 1996, effectively extended the 120–day period for service. However, no express order extending service was ever entered. In addition, the case that Plaintiff cites for this proposition is inapplicable. She cites *In re Peacock,* 125 B.R. 526 (N.D.Ill.1991), for the proposition that issuance of an alias summons extends the service deadline. However, the alias summons in *Peacock* was issued well after the expiration of the 120–day period. 125 B.R. at 527. Thus, the issuance of alias summons in that case was apparently found to have effectively extended the service period. However, in this case, the alias summons was issued within the 120–day period, and no order was entered to extend the 120–day deadline.

Thus, under Fed.R.Civ.P. 4(j), regardless of the ability to issue new summonses under Fed.R.Bankr.P. 7004(f), unless Plaintiff can demonstrate good cause for his failure to effect proper service of the complaint and summons within 120 days of filing the Adversary Complaint, the Complaint must be dismissed. However, it must be noted that dismissal pursuant to Fed.R.Civ.P. 4(j) is expressly "without prejudice" under that rule, thus implying the possible refiling thereof.[6]

■■■ The determination of whether good cause exists to justify such a failure is entirely within the Court's discretion. *Floyd,* 900 F.2d at 1046; *Betts,* 142 B.R. at 825 (bankruptcy court has discretion to decide whether to dismiss an action on the basis of improper service), although the plaintiff bears the burden of demonstrating good cause under Rule 4(j). *Bachenski v. Malnati,* 11 F.3d 1371, 1376 (7th Cir.1993), *reh'g and suggestion for reh'g en banc denied,* (1994). While there is no single bright line test for good cause under Fed.R.Civ.P.

---

6. A dismissal "without prejudice" certainly implies the possibility of refiling. However, actions under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) must be filed within 60 days after the first date set for first meeting of creditors. *See* 11 U.S.C. § 523(c); Fed.R.Bankr.P. 4007(c). Would that forestall refiling of a complaint dismissed without prejudice? In light of the ruling herein, that conundrum need not be unraveled.

4(j), several relevant considerations should be reviewed, such as reasonably diligent attempts to serve the complaint and summons, *Bachenski,* 11 F.3d at 1377, and lack of prejudice to the defendant, *Floyd,* 900 F.2d at 1049. In addition, authority in this Circuit has favorably cited the Fifth Circuit's determination that good cause appears to require something different than a showing of excusable neglect. *Floyd,* 900 F.2d at 1047 (*citing Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304 (5th Cir.1985)). Good cause requires a showing of good faith on plaintiff's part and some reasonable excuse for noncompliance. *Id.* However, ignorance of the service requirements, although certainly an explanation for defective service, is not an excuse. *Tuke v. U.S.,* 76 F.3d 155, 156 (7th Cir.1996).

Plaintiff argues that her failure to serve Debtor properly was due to a number of factors: (1) Plaintiff's counsel was unaware that service was defective (Motion for Extension of Time, ¶ 12); (2) Plaintiff's paralegal left the country quite suddenly in June, leaving much of her work unperformed, including the mailing of the alias summons (Motion for Extension of Time, ¶ 12); and (3) Plaintiff's counsel's office was flooded with water, necessitating the moving of all files (Motion for Extension of Time, ¶ 13). Debtor argues that a record rainfall and flooding in DuPage County occurred 12 days prior to the issuance of the alias summons. Debtor's Response, ¶ 14. However, it is not disputed that during part of a period critical to this case the office of Plaintiff's counsel was made chaotic due to a flood.

### Applying the Good Faith Standard Here

 Plaintiff was acting in good faith when her counsel repeatedly sought to serve the Summons and Complaint upon Debtor. She was not trying to lull Debtor into a default judgment, but merely failed in two attempts to serve the Debtor properly, although twice her counsel caused copies of Summons and Complaint to be sent to Defendant. Her counsel's errors in effecting service were technical and are usually correctable, and were not deceptive or abusive. Plaintiff also asserts that there has been no

material prejudice to Debtor from what has transpired, and Debtor has not disputed this.

Plaintiff did not intentionally delay service. Rather, her reasons for delay were due in large part to circumstances often outside the control of a lawyer in a small office. As stated, the paralegal employed by Plaintiff's counsel, the individual responsible for processing paperwork, suddenly and unexpectedly relocated. In addition, counsel's office was flooded, which necessitated moving all files, computers, and records. It was this chaos, coupled with some degree of neglect by Debtor's counsel, but not improper motivation on the part of Plaintiff or her counsel, which resulted in service to Debtor outside the 120–day period and no service on Debtor's counsel.

### Application of Fed.R.Civ.P. 4(m)

 As previously stated, Fed.R.Bankr.P. 7004 was amended effective December 1, 1996. *See, supra,* n. 1. The relevant change this affected was to abrogate Fed.R.Bankr.P. 7004(g) which provided that Fed.R.Civ.P. 4 was to be applied as it existed in 1990. The 1996 amendment added Fed.R.Civ.P. 4(m) to the list of subsections which apply in adversary proceedings. Fed.R.Civ.P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time;* provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

(Emphasis added). Thus, no longer is it mandatory that a court dismiss an action where no good cause has been shown for failure to serve the summons and complaint within the 120–day deadline. Rather, the court now has the discretion to dismiss or direct that service be effected within a specified time. Where good cause is shown, the court must extend time for service. *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340 (7th Cir.1996) (*citing Henderson v.*

*United States,* —— U.S. ——, ——, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996)). Thus, in the absence of good cause, a court must still consider whether a permissive extension of time for service is warranted. *Id.* at 341. Factors to consider include whether "the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* (*citing* Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments). Here, the bar date for filing a dischargeability action has run. *See* fn. 6. While it is not mandatory that the court extend the deadline solely because of the running of the bar date, "the fact that a suit cannot be resolved on the merits is a factor that must be given close attention." *Id.* at 341. Thus, pursuant to Fed.R.Civ.P. 4(m), Plaintiff should and will be given additional time to serve a new alias summons and complaint upon Debtor.

### *Applying the Excusable Neglect Standard Here*

■ However, even where Plaintiff fails to meet the standards for good cause under Fed.R.Civ.P. 4, or where the court chooses not to extend the 120–day service deadline, the Plaintiff may still request, and in this case has requested, an extension of time under the excusable neglect standard under Fed.R.Bankr.P. 9006, which provides:

> . . . when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect.*

Fed.R.Bankr.P. 9006(b)(1).

Although Fed.R.Civ.P. 4 provides a specific 120–day time period and a specific good cause standard for extending this time period, Fed.R.Bankr.P. 9006(b) is also available. *In re Casey,* 198 B.R. 918, 921 (Bankr. S.D.Cal.1996); *In re Williams,* 178 B.R. 255, 258 (Bankr.D.Mont.1995); *In re Kirkland,* 86 F.3d 172, 176, n. 4 (10th Cir.1996). Fed. R.Bankr.P. 9006(b) is a general, supplemental rule providing for the extension of any

time period. "Unless a rule which contains a specific authorization to extend time is listed in paragraph 3 of this subdivision, an extension of the time may be granted under paragraph 1 of the subdivision." *Casey,* 198 B.R. at 921 (*citing* Advisory Committee notes to Rule 9006(b)(1)). The specific rules for which extensions of time are either prohibited or limited do not include Fed.R.Bankr.P. 7004. *See* Fed.R.Bankr.P. 9006(b)(2) and (3). Thus, lack of good cause under Fed.R.Civ.P. 4(j) (applicable before the 1996 amendment) does not prevent a finding of excusable neglect under Fed.R.Bankr.P. 9006(b). Had Congress intended to limit the applicability of Rule 9006(b) so as not to apply in such matters, it could have expressly done that, but did not do so. Thus, under Fed. R.Bankr.P. 9006(b)(1), if Plaintiff can show that the failure to serve the Complaint properly within 120 days was the result of excusable neglect, the Court may extend the time period to allow Plaintiff to comply.

The Supreme Court has provided the standard for excusable neglect,

> . . . by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," . . . Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). The Court noted that the word neglect "encompasses both simple faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* However, any such neglect must also be "excusable." *Id.* at 397, 113 S.Ct. at 1499.

■ Plaintiff's counsel argues that Debtor's counsel failed to inform him that the 120–day period was about to run. However, Debtor's counsel had no obligation to inform Plaintiff of the rules. Moreover, Plaintiff failed to mail a copy of the summons to Debtor's counsel or to serve within the required 10 days after summons was issued. A careful review of the rules could have in-

formed Plaintiff of the 10–day and 120–day requirement as well as the requirement that summons and complaint also be mailed to Debtor's counsel. Ignorance of service requirements is not ordinarily excusable, if that be the only excuse. *Tuke*, 76 F.3d at 156.

 However, Plaintiff's failure to serve summons properly does fall within the definition of excusable neglect. Staffing problems and flooding contributed to the omissions and neglect by Plaintiff's counsel. Moreover, in *Pioneer*, the Court emphasized that determination of whether neglect is excusable is an equitable determination. 507 U.S. at 389, 113 S.Ct. at 1495. The opinion also emphasized four factors to be considered:

> ... the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S.Ct. at 1498. *Pioneer* noted that absence of bad faith and lack of prejudice could be factors that weigh strongly in favor of permitting a late claim. *Id.* As previously stated, Debtor has made no allegations of any prejudice caused by the delay in service. Plaintiff has withdrawn her default motion. Moreover, Debtor actually received copies of the Summons and Complaint, albeit defectively, in July. Thus, Debtor has long been aware of the allegations against him. In addition, Plaintiff was not acting in bad faith when she failed to serve both Debtor and Debtor's attorney within the 10–day period required by rule. While it is true that counsel was unaware of the 10–day requirement of Fed. R. Bankr.P. 7004(f), the Supreme Court has stated that excusable neglect can also include delay "caused by inadvertence, mistake, or carelessness...." *Pioneer*, 507 U.S. at 388, 113 S.Ct. at 1495. The *Pioneer* test in that regard is essentially equitable, permitting the trial court to excuse even careless neglect that is not prejudicial or wrongful so as to preserve substantive rights for merit adjudication. That is the situation here because dismissal of the present case, even "without prejudice," could bar merit review of the asserted cause of action. *See.* fn. 6.

### CONCLUSION

For reasons stated herein and by separate order, Debtor's Motion to Dismiss the Complaint will be denied; Plaintiff's Motion to Extend Time for Service of Process will be granted. A second alias summons shall be issued pursuant to Fed.R.Bankr.P. 7004(e) for service which this time ought to be letter perfect.