In re Saul **FOOS**, Debtor.

William A. **BRANDT, Jr.,**
**Trustee, Plaintiff,**

v.

T.H. **PARKE, Defendant.**

**Bankruptcy No. 93 B 25069.**
**Adversary No. 95 A 1442.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 29, 1997.

---

10. *Compare,* Tulare's Brief in Lieu of Closing Arguments to DFA Manifests # 27, 28, 31, 33, 35, 37 and 38.

T.H. Parke, Dallas, TX, pro se.

Timothy Patenode, Lisa Liou, Katten, Muchin & Zavis, Chicago, IL, for William Brandt, Jr., Trustee.

### *MEMORANDUM OPINION*

RONALD BARLIANT, Bankruptcy Judge.

The defendant in this adversary proceeding allegedly received a distribution, or as the Trustee describes it, some of the "Fictitious Profits," from the Debtor's Ponzi Scheme. The Trustee filed this action to recover approximately $23,900 under § 544(b) [1] and the Illinois Fraudulent Conveyance Act [740 ILCS 160/5(a)(1) ]. The defendant has moved to dismiss the complaint on the grounds that the summons and complaint were not served timely and that the statutes of limitations had expired. For the reasons set forth below, the defendant's motion is denied.

### BACKGROUND

An involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the debtor on November 30, 1993. The debtor

---

1. Unless otherwise indicated, all section references are to the Bankruptcy Code 11 U.S.C. § 101 et seq.

consented to the entry of an order for relief, which was entered on December 3, 1993. An order was entered on March 1, 1994, approving the appointment of William A. Brandt, Jr., as trustee. This proceeding was begun on November 29, 1995, to avoid transfers made in and before September 1990.

## MOTION TO DISMISS UNDER FED. R.CIV.P. 4(m)

■ Federal Rule of Civil Procedure 4(m)[2] requires that service be made within 120 days after filing the complaint. It further provides that if the complaint is not timely served that the action "shall be dismissed," unless the party making the service "show[s] good cause why such service was not made within that period." Bankruptcy Rule 9006 permits the court to extend the time for doing a particular act, such as the time for effecting service, for "cause," provided the request for the extension is made before the original time period has expired. On February 27, 1996, before the initial period for service had expired, this court extended the service period by 90 days "for good cause shown."[3]

The defendant contends that the action must be dismissed because the summons and complaint were not served within the extended period. The attorneys for the trustee did, however, attempt to serve Parke within the enlarged period for service. On April 1 and 22, 1996, the trustee's attorneys mailed the summons and complaint to the defendant at the following address provided by a private investigator:

Torsten Parke

5100 Verde Valley Lane # 116

Dallas, Texas 75200

Although the zip code was incorrect (the correct zip code is 75240) the package was not returned to the trustee. On September 30, 1996, the trustee sent a copy of the Trustee's Motion for Default Judgement to the defendant at the same (incorrect) address listed above. This package was also not returned to the trustee.

The defendant states that he did not receive the alias summons and complaints mailed in April 1996, but that he did receive the motion for default judgment. After receiving the motion for default judgment, he contacted the trustee's attorneys and gave them his correct residence and business addresses. The summons and complaint were again sent to the defendant, and received on October 16, 1996. There is no dispute, therefore, that the defendant had notice of the pendency of the action in September 1996 when he received the motion for default judgment and that he was effectively served on October 16, 1996.

The Court finds that the defendant was timely served with the summons and complaint in April 1996. The fact that the summons and complaint were mailed to the correct street address, city and state, combined with the evidence that they were not returned to the trustee and subsequent notices containing a similar defect were delivered to the defendant, constitute prima facie evidence of the validity of the service. *See In re Levoy*, 182 B.R. 827, 833–34 (9th Cir. BAP1995). This is buttressed by Fed. R. Bankr.P. 9006(e), which provides that "[s]ervice of process ... by mail is complete on mailing."

■ Alternately, the Court finds that even if the April service was not effective that "good cause" exists for failing to timely serve the defendant. There is no doubt that a strong presumption exists that mail sent and not returned was received. *In re Bucknum*, 951 F.2d 204, 207 (9th Cir.1991). The trustee and his attorneys were entitled to rely on that presumption when they mailed the summons and complaint to an address

---

**2.** Applicable to bankruptcy proceedings by Fed. R. Bankr.P. 7004. The sub-paragraphs of Fed. R.Civ.P. 4 have recently been renumbered; subsection 4(m) was previously located at subparagraph 4(j). Bankruptcy Rule 7004 re-prints Fed. R.Civ.P. 4, but under the old numbering.

**3.** Although the defendant argues that "good cause" did not exist for the extension, that order

is not now subject to collateral attack. This Court has previously rejected a similar attack on the February 27, 1996 order. On July 9, 1996, in *Trustee v. Nissenson, et al.*, 95 A 1437, this Court concluded that "cause" had been shown to warrant the extension and that the applicable standard is "cause," and not "good cause," since the request for the extension had been timely made under Fed. R. Bankr.P. 9006.

obtained by a private investigator, and that package was never returned to them.[4] The attorneys' diligence in ensuring proper service is further demonstrated by the fact that they again sent the summons and complaint to the defendant, in October, when the defendant told them he had not previously been served. "Good cause requires a showing of good faith on plaintiff's part and some reasonable excuse for noncompliance." *Kadlecek v. Ferguson*, 204 B.R. 202, 208, (Bankr. N.D.Ill. 1997). The trustee's efforts to effect service, defeated (if at all) by a simple typographical error, constitute good cause under that standard.

## STATUTES OF LIMITATION

### Section 548

■ The defendant argues that under § 548 the trustee may only avoid transfers made within one year before bankruptcy. That is correct. The trustee is not, however, relying on § 548, so that argument is of no consequence.

### Illinois Uniform Fraudulent Conveyance Act

■ The defendant also argues that the action under the Illinois Uniform Fraudulent Conveyance Act ("UFTA") is barred by the applicable five year statute of limitations. Section 108(a), however, extends non-bankruptcy statutes of limitation two years after entry of the order for relief. Accordingly, the state statute of limitation was extended to December 3, 1995. The present action was commenced prior to that date.

### Section 546

The defendant misconstrues § 546(a)(2). That section requires a trustee to file an avoidance action within the *later of* "(A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee...." This action

was filed within 2 years of entry of the order for relief.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is denied.

---

**4.** The defendant included an affidavit denying receipt of the summons and complaint that was mailed in April. Because the presumption of receipt is so strong, such a denial is generally insufficient to rebut the presumption. *See In re Eagle–Picher Indus., Inc.*, 175 B.R. 943, 946 (Bankr.S.D.Ohio 1994). This Court need not decide if an incorrect zip code, combined with an affidavit of no receipt, is sufficient to rebut the presumption, because the Court finds that the trustee's reliance on the presumption constitutes "good cause" for extending the time under Rule 4(m).