In re Andrew DERGANCE, Sr., Debtor.

**Thomas SULLIVAN, not as individually but as Trustee of the Bankruptcy Estate of Andrew Dergance, Sr., Plaintiff,**

v.

**Mary L. THIES and Chicago Title & Trust as Trustee of Trust No. 1098768, Defendants.**

Bankruptcy No. 97 B 11775.
Adversary No. 97 A 01582.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 20, 1998.

David E. Grochocinshi, Kathleen McMahon, Grochocinski & Grochocinski, Palos Heights, IL, for Plaintiff.

Kenneth A. Kozel, Petz and Kozel, LaSalle, IL, for Defendants.

Thomas Sullivan, trustee.

## *MEMORANDUM OPINION*

JACK B. SCHMETTERER, Bankruptcy Judge.

This Adversary proceeding relates to the bankruptcy case filed by Andrew G. Dergance, Sr. ("Debtor") under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* ("Code") on April 17, 1997. Thomas Sullivan ("Trustee") was appointed Chapter 7 trustee. Trustee filed this two-count Adversary Complaint seeking to avoid a fraudulent transfer of Debtor's property to his daughter pursuant to 11 U.S.C. § 544(b) and 740 ILCS 160/1, *et seq.*, and to void the transfer of Debtor's property from his daughter to Chicago Title and Trust pursuant to 11 U.S.C. § 550(a). Defendants have moved to dismiss both counts of the adversary under Fed. R. Bankr.P. 7012. For reasons stated below, the motion to dismiss is denied.

### *JURISDICTION*

This matter properly lies here pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the Northern District of Illinois. Subject matter jurisdiction arises under 28 U.S.C. § 1334(b). Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(H).

### *BACKGROUND AND FACTS PLEADED*

All well plead facts are taken as true for purposes of this motion to dismiss.

On April 29, 1993, Debtor quitclaimed his interest in real estate to his daughter defendant Mary L. Thies ("Thies") for ten dollars. The quitclaim deed was recorded on May 3, 1993. As a result of the transfer, Debtor became insolvent. Although Debtor transferred the property interest to his daughter, he continues to reside at the property.

At the time of this transfer, Debtor had several creditors including Illinois Valley Community Hospital ("IVCH"). In December 1992, IVCH had filed suit against Debtor to collect a debt. This lawsuit was still pending at the time of the transfer.

On July 12, 1993, Thies quitclaimed the same property to Chicago Title & Trust ("Chicago Title") under the provisions of a Trust Agreement dated June 30, 1993, and known as Trust No. 1098768. The deed was recorded July 19, 1993.

Debtor initially filed a Chapter 7 petition on July 23, 1993, which was dismissed on or about May 20, 1994. On April 17, 1997, Debtor filed his current Chapter 7 petition. On November 19, 1997, Trustee filed this adversary proceeding seeking to recover the transferred property or its value from either Thies or Chicago Title as Trustee and Trustee pursuant to 740 ILCS 160/1 *et seq.* of the Uniform Fraudulent Transfer Act as adopted in Illinois ("UFTA"). The transferred property is alleged to be worth between $20,000 and $25,000. At the time this adversary was filed, there were no liens against the property.

### *DISCUSSION*

Defendants' motion to dismiss is brought under Fed. R. Bankr.P. 7012 which makes Fed.R.Civ.P. 12 applicable to adversary proceedings in bankruptcy. In order to prevail on this motion to dismiss, it must clearly appear from the complaint that the Trustee can prove no set of facts in support of his claims which would entitle him or the estate to relief. *McKown v. Dun & Bradstreet, Inc.,* 744 F.Supp. 1046, 1047 (D.Kan.1990) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Both pleaded facts and reasonable inferences drawn from pleaded facts must be considered in a light most favorable to the plaintiff. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 733 (7th Cir.1986), *cert. denied,* 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987).

Defendants argue several grounds for dismissal of this adversary.

#### *Statute of Limitations*

[redacted] It is argued that the action should be dismissed as the statute of limitations has run. As stated, Trustee brings this action pursuant to UFTA. Section 544(b) of the Bankruptcy Code permits a trustee to "avoid any transfer of an interest of the debtor in property ... that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502...." 11 U.S.C. § 544(b). UFTA is the "applicable law." Pursuant to 740 ILCS 160/10, such a cause of action must be brought within the later of four years after the transfer was made or within one year after the transfer was or reasonably could have been discovered. As stated, the transfers were alleged to have occurred April 29, 1993, and July 12, 1993, the first by Debtor and the second by his daughter. This action was not filed until November 19, 1997. Thus, the asserted transfers occurred more than four years prior to initiation of this action. However, this does not necessarily mean that the statute of limitations has run.

Trustee argues that he brought this action within one year after he discovered the transfer. However, the transfers were not made in secret. The deeds were promptly

recorded and the Trustee reasonably could have discovered the transfer at any time after he was appointed. However, the Trustee is correct that the statute of limitations has not run on this action. Pursuant to 11 U.S.C. § 108(a), which provides for extensions of time periods:

> If applicable nonbankruptcy law ... fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—(1) the end of such period including any suspension of such period occurring on or after the commencement of the case; or (2) *two years after the order for relief.*

11 U.S.C. § 108(a) (emphasis added). Applicable non-bankruptcy law includes state law. *See Patterson v. Shumate,* 504 U.S. 753, 758, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992). Debtor filed this bankruptcy on April 17, 1997. Pursuant to 11 U.S.C. § 301, "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." This adversary proceeding was filed within two years after the order for relief. *See In re Foos,* 204 B.R. 545, 548 (Bankr.N.D.Ill.1997) (Section 108(a) extends non-bankruptcy statutes of limitation two years after entry of order for relief).

Defendants cite *Martino v. Edison Worldwide Capital (In re Randy),* 189 B.R. 425 (Bankr.N.D.Ill.1995), for the proposition that a trustee can only recover transfers made within four years prior to filing an adversary complaint. Defendants' reliance on this case is misplaced. It is true that the trustee was only allowed to recover four years of transfers, however, the statute of limitations was not at issue in that case. The question was whether the trustee could only recover one year of transfers under section 548 or four years of transfers by virtue of section 544 and UFTA. Thus, this action was timely filed and will not be dismissed on statute of limitations grounds.

### No Lack of Jurisdiction over the Person as a Result of Insufficiency of Process

■ Defendants also argue that the summons failed to comply with Fed.R.Civ.P. 4(b) in that it was "not directed to the defendant, i.e., the name of the defendant is not contained next to the phrase 'To the above-named defendant:'." Defendants' Motion to Dismiss at 2. First, Defendants apparently intend to rely on Fed.R.Civ.P. 4(a) (applicable herein pursuant to Fed. R. Bankr.P. 7004(a)). Rule 4(a) only requires that the summons be directed to the defendant; it does not require that the defendant's name appear after the colon in the quoted phrase. Trustee's summonses were directed to "the above named" defendants, and these defendants were clearly and properly named "above" on the page. Defendants' argument is without merit as well as without support in precedent. The adversary will not be dismissed on the grounds of insufficiency of process.

### Lack of Jurisdiction over the Person as a Result of Insufficiency of Service of Process

■ Defendants argue that the complaint should be dismissed as service of process was inappropriate because personal service was not made. However, pursuant to Fed. R. Bankr.P. 7004, service of a summons made be made by first class mail. Rule 7004(b) provides the service method in addition to the methods of service authorized by Fed. R.Civ.P. 4:

> Service may be made within the United States by first class mail postage prepaid as follows: (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.

Fed. R. Bankr.P. 7004(b)(1). Rule 7004(b)(3) provides for service by first class mail postage prepaid upon a domestic corporation. The Summons shows that service by first class mail was had upon Thies at her home and service by first class mail was had upon Chicago Title & Trust as trustee through Thomas Adams, Chicago Title's registered agent. Thus, service of process was not defi-

cient and Defendants' motion to dismiss will be denied.

### Failure to State a Claim upon Which Relief May Be Granted

 Defendants also argue that the complaint must be dismissed as it is brought under 11 U.S.C. § 544(a)(1) which movants say limits avoidance actions to transfers which arise subsequent to the date of a bankruptcy filing. However, it is § 549 of the Bankruptcy Code, not § 544, that gives the trustee authority to avoid post-petition transactions. The complaint allegations clearly show that it was brought pursuant to § 544(b). *See* Adversary Complaint at 1, ¶ 2. The Trustee stated in court that the subsequent Complaint reference to section "544(a)" was a typographical error and remaining allegations bear that out. As § 544(b) clearly gives a trustee the power to bring an avoidance action under state law, the complaint will not be dismissed on this ground.

### Asserted Lack of Subject Matter Jurisdiction as a Result of Preemption by 11 U.S.C. § 548

Defendants argue that Bankruptcy Code § 548, which allows a trustee to avoid fraudulent transfers made within one year prior to the filing of a bankruptcy petition, preempts § 544(b) which allows the trustee to avoid a transfer voidable under applicable law. Defendants argue that section "544(b) fails to set forth a basis to look beyond federal law and use state law to expand the one year prepetition requirement set forth in 11 U.S.C. 548 ..." Defendants' motion to dismiss at 5. Defendants make this argument without any citation of authority. A party who fails to support an argument with authority forfeits the argument. *Mathis v. New York Life Insurance Co.,* 133 F.3d 546, 548 (7th Cir.1998). Moreover, as the purpose of § 544(b) is to allow the trustee to bring a state law cause of action in the context of a bankruptcy adversary proceeding *(see In re Bay Plastics, Inc.,* 187 B.R. 315, 322 (Bankr. C.D.Cal.1995)), Defendants have their work cut out for them in finding any such authority. Their argument has no merit.

### CONCLUSION

For reasons stated above and pursuant to Order separately entered, Defendants' motion to dismiss the adversary complaint is denied.